## The People, Defendant in Error, v. Louis Johnson, Plaintiff in Error.

APPEALS AND ERRORS—*when freehold involved.* A freehold is involved in a suit begun in a court of record to recover a penalty for obstructing a public highway where it is necessary to determine whether the public has a perpetual easement in said highway.

Criminal prosecution for obstructing highway. Error to the Circuit Court of Christian county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the May term, 1908. Transferred to Supreme Court. Opinion filed June 19, 1908.

R. C. NEFF, J. W. & W. B. MCBRIDE and HOGAN & WALLACE for defendant in error.

F. P. DRENNAN and PROVINE & PROVINE, for plaintiff in error.

PER CURIAM. Louis Johnson was indicted in the Circuit Court of Christian county under section 221 of chapter 38 of the Criminal Code, charged with having obstructed a public street. Johnson was convicted and fined and this appeal followed. The entire controversy in this case relates to the right of plaintiff in error to take and retain as owner in fee the exclusive possession of a strip of ground sixty feet wide and three hundred feet long adjoining block two of Johnson's addition to the village of Morrisonville on the north and extending the whole length of said block.

It is claimed by defendant in error that said strip of ground was dedicated by one J. L. D. Morrison in 1886 as a public street in Johnson's addition to said village and that it had been accepted by the proper authorities as a street and used as such by the public.

Plaintiff in error claims to be the owner in fee of said strip of ground by virtue of a deed made in 1907 by the heirs of said J. L. D. Morrison to plaintiff in error.

Under such condition a freehold is involved and this court is without jurisdiction. Town of Audubon v. Hand, 223 Ill. 369; Taylor v. Taylor, 223 Ill. 425. In the former case the court said: "This court has repeatedly held that in suits begun in a court of record to recover a penalty for obstructing a public highway it is necessary to determine whether the public has a perpetual easement in said highway and that a freehold is therefore involved."

We therefore determine and find that the appeal involved was wrongfully taken to this court. It is therefore ordered that the clerk of this court transmit the transcript and all files herein with this order of transfer to the clerk of the Supreme Court of the State of Illinois.

*Transferred to Supreme Court.*